Date Signed:
August 24, 2017



SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>THOMAS JAY EVANS,<br><br>                Debtor. | Case No. 11-02960<br>Chapter 7<br><br>Re: Docket No. 41 |

MEMORANDUM DECISION ON DEBTOR'S MOTION
FOR CONTEMPT FOR VIOLATION OF THE DISCHARGE INJUNCTION

      Debtor Thomas Jay Evans ("Dr. Evans") reopened his chapter 7 case and filed a motion ("Motion") against the State of Hawaii, Department of Taxation ("State") for violation of the discharge injunction of 11 U.S.C. § 524 and the automatic stay provision of 11 U.S.C. § 362. Dr. Evans alleges that his tax debts for 2009 were discharged, that the State repeatedly attempted to collect taxes, penalties, and interest for that year in violation of the discharge injunction, and that the State's collection actions caused Dr. Evans to suffer actual damages including emotional distress. Dr. Evans seeks to hold the State in contempt of the court's discharge order.[1]

---

[1] Dkt. 37.

Dr. Evans' Motion was heard on July 24, 2017. Dr. Evans appeared *pro se* and Cynthia Johiro, Esq. appeared for the State.

At the hearing on the Motion, the parties agreed that whatever amount (if any) Dr. Evans owes in taxes for the 2009 taxable year was not discharged under the three-year lookback period of 11 U.S.C. § 523(a)(1)(A). The disputed issues are: 1) the amount, if any, of taxes that Dr. Evans owes under state tax law for the 2009 tax period; 2) whether the penalties associated with the 2009 taxes are also nondischargeable; and 3) whether the interest that has accrued on the 2009 taxes, pre-bankruptcy and post-bankruptcy, is also nondischargeable and continues to accrue. This memorandum decision addresses these issues.

I. <u>Background</u>.

Dr. Evans filed a voluntary chapter 7 bankruptcy petition on November 11, 2011. On his schedules, he listed the State as a creditor for income taxes owed from 2007 through 2009. According to the schedules, the amount of the unpaid state taxes for 2009 was $95.00.[2] The State was served with notice of Dr. Evans' bankruptcy filing.[3] On November 1, 2012, Dr. Evans received his bankruptcy discharge.[4]

Dr. Evans says that he filed his 2009 State income tax return shortly before he

---

[2] Dkt. 1 at 16.

[3] Dkt. 5.

[4] Dkt. 37.

U.S. Bankruptcy Court - Hawaii   #11-02960   Dkt # 55   Filed  08/24/17   Page 2 of 10

filed his bankruptcy petition. The State says, however, that it has no record of receiving that return. Later, the State computed the amount of tax that it thought Dr. Evans owed based on his federal tax returns. On March 30, 2015, the State mailed a Notice of Final Assessment of Income Tax ("Assessment") to Dr. Evans.[5] The Assessment claimed that Dr. Evans owed income taxes, penalties, and interest for 2009 in the amount of $9,922.41.[6] The State sent several followup notices and demands to Dr. Evans from 2015 to 2017.

## II. Standard

The bankruptcy discharge is an injunction that stays the commencement or continuation of actions against the debtor to collect any discharged debt as a personal liability of the debtor.[7] A person who violates the discharge injunction may be subject

---

[5] Dkt. 51 at 3.

[6] The Assessment lists the total amount due of $9,922.41 of which $5,708.00 was for taxes due on Dr. Evans' 2009 taxable income, $1,427.00 as a 25% penalty for failing to timely file, and $2,787.41 for interest of 8% per annum up to March 20, 2015. Exhibit B, Dkt. 51 at 20-22.

[7] Section 524 provides:

(a) A discharge in a case under this title –

> (1) voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727 . . . of this title, whether or not discharge of such debt is waived; [and]

> (2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived . . . .

3

to civil contempt sanctions under 11 U.S.C. § 105(a). These remedies can include compensatory damages, attorneys' fees, and an order compelling the creditor's compliance.[8] The debtor carries "the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court,"[9] and "that the creditor (1) knew the discharge injunction was applicable and (2) intended the actions which violated the injunction."[10] Once the debtor carries this burden, the contemnor must show the reason for the noncompliance.[11] Thereafter, the court has the discretion to fashion a contempt order.[12]

Governmental taxing agencies are subject to the bankruptcy discharge injunction.[13] However, "[t]here is an exception to dischargeability of tax debts owed by a bankrupt to governmental entities."[14] The exception supports the "overriding

---

11 U.S.C. § 524.

[8] *Walls v. Wells Fargo Bank, N.A.*, 276 F.3d 502, 507 (9th Cir. 2002).

[9] *In re Dyer*, 322 F.3d 1178, 1191 (9th Cir. 2003), quoting *In re Bennett*, 298 F.3d 1059, 1069 (9th Cir. 2002).

[10] *In re Azevedo*, 506 B.R. 277, 282 (Bankr. E.D. Cal. 2014), quoting *In re Bennett*, 298 F.3d at 1069 (citation omitted).

[11] *In re Taggart*, 548 B.R. 275, 286 (B.A.P. 9th Cir. 2016).

[12] *Id.*

[13] *In re Ellett,* 254 F.3d 1135, 1141 (9th Cir. 2001).

[14] *Nat'l Collection Agency, Inc., v. Trahan*, 624 F.2d 906, 907 (9th Cir. 1980).

need to assure tax collection by governmental entities."[15]

The taxes that are not discharged include income taxes "for which a return, if required, is last due, including extensions, after three years before the date of the filing of the petition . . . ."[16] The parties agree that Dr. Evans' 2009 state income taxes satisfy this temporal requirement.

Certain types of penalties associated with a nondischargeable tax debt are also nondischargeble. Penalties, fines and forfeitures associated with a nondischargeable tax debt are also nondischargeable unless the penalty is "compensation for actual pecuniary loss."[17] Congress codified a broad exception to discharge for penal sanctions

---

[15] *Id.*

[16] 11 U.S.C. §§ 523(a)(1)(A), 507(a)(8)(A)(i). Under section 523(a)(1)(B)(i), taxes for which the debtor failed to file a return are also nondischargeable. There is a factual dispute about whether Dr. Evans filed his 2009 income tax return. But the taxes for that year are nondischargeable even if Dr. Evans filed a return.

[17] Section 523(a)(7) states:

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt – . . .

> (7) to the extent such debt is for a fine, penalty of forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss, other than a tax penalty –
>
> > (A) relating to a tax of a kind not specified in paragraph (1) of this subsection; or
> >
> > (B) imposed with respect to a transaction or even that occurred before the three years before the date of the filing of the petition . . . .

The double negative found in 11 U.S.C. § 523(a)(7) of "does not discharge" and "not compensation for actual pecuniary loss" means that fines, penalties and forfeitures that were attributed to an actual

5

U.S. Bankruptcy Court - Hawaii   #11-02960   Dkt # 55   Filed  08/24/17   Page 5 of 10

whether they were described as fines, penalties, or forfeitures.[18] However, to be nondischargeable, the penalty must meet two qualifying requirements.[19] The penalty 1) must be "to and for the benefit of a governmental unit," and 2) "not compensation for actual pecuniary loss."[20] To determine whether a penalty is compensatory, three factors are considered: "(1) whether the calculation of the penalty bore any relationship to the costs incurred by the government; (2) whether there was any requirement that the funds be used to mitigate the particular damage caused by a violation; and (3) whether the government had suffered any actual pecuniary loss."[21] If none of the factors result in an affirmative response, the penalty is nondischargeable.[22] Tax penalties are usually noncompensatory because they are charged for the failure to act by a set deadline.[23] Percentage based penalties are usually punitive and not tied to compensation for actual loss.[24]

Most tax debts incur interest until fully paid. Prepetition interest is treated as

---

pecuniary loss are discharged. *McKay v. U.S.*, 957 F.2d 689, 693 (9th Cir. 1992).

[18] *Kelly v. Robinson*, 479 U.S. 36, 51 (1986).

[19] *Id.*

[20] *Id.*

[21] *In re Ott*, 218 B.R. 118, 122 (Bankr. W.D. Wash. 1998), citing *Commonwealth of Kentucky, Nat. Res. & Envtl. Protect Cabinet v. Seals,* 161 B.R. 615, 620-21 (W.D. Va. 1993).

[22] *Id.* at 124.

[23] *In re Hovan, Inc.*, 95 F.3d 1254, 1259 (9th Cir. 1996).

[24] *Id.* at 1258.

6

U.S. Bankruptcy Court - Hawaii   #11-02960   Dkt # 55   Filed 08/24/17   Page 6 of 10

part of the claim and given the same priority status as the underlying liability. Therefore, if the underlying liability is nondischargeable, the prepetition interest, which forms part of the debt, is also nondischargeable.[25]

Postpetition interest on a tax debt that is excepted from discharge is likewise nondischargeable.[26] Postpetition interest is an "integral part" of the nondischarged tax debt because it is "the cost of the use of the amounts owing a creditor and an incentive to prompt repayment."[27] As an "integral part" of the underlying tax debt, the interest also is excepted from discharge and fully and personally recoverable against a debtor.[28]

III. Discussion

Dr. Evans and the State agree that any unpaid portion of Dr. Evans' 2009 income taxes is nondischargeable. They disagree, however, about the amount of that debt.

There is a factual dispute concerning whether Dr. Evans filed a 2009 return at all. Dr. Evans insists that he filed the return shortly before he filed his chapter 7 petition in 2011. (He does not say whether he obtained an extension of time to file the return; if he did not, the return was probably late). The State says that it has no

---

[25] *In re Egbo*, 551 B.R. 869, 874 (D. Or. 2016); *In re Gosney*, 205 B.R. 418, 421 (B.A.P. 9th Cir. 1996).

[26] *In re Artisan Woodworkers*, 204 F.3d 888, 891 (9th Cir. 2000).

[27] *Bruning v. U.S.*, 376 U.S. 358, 360 (1964).

[28] *In re Artisan Woodworkers*, 204 F.3d at 891-92.

7

record of receiving that return. The State's records are "prima facie proof" (but not conclusive evidence) of the correctness of tax assessments.[29]

There is also a factual dispute about whether Dr. Evans' 2009 tax amount was $95.00 (as his tax return states) or $5,708.00 (as the Assessment states).

The bankruptcy court likely has power to decide these questions.[30] The State probably also has administrative and judicial procedures to resolve the dispute. There is good reason to think, however, that a formal adjudication may be unnecessary. At the hearing, the State's counsel suggested that the difference might be attributable to the fact that, when the State assessed the tax, it did not have access to information about whether any state taxes had been withheld from Dr. Evans' income, and therefore the State made the Assessment on the assumption that there had been no withholding. Counsel stated that, if Dr. Evans could produce a W-2 form establishing that state taxes were withheld, the State would likely agree to reduce the assessment accordingly. The State's counsel also suggested ways in which Dr. Evans might obtain a copy of or a substitute for the W-2 form.

I will schedule a status conference to discuss the resolution of these factual issues. In the meantime, I expect that the parties will communicate and attempt to

---

[29] Haw. Rev. Stat. § 231-20.

[30] 11 U.S.C. § 505(a). At the hearing, I orally ruled that Dr. Evans would have to pursue these issues in another forum. Upon further reflection, I think that resolution in the bankruptcy court might be appropriate, but I will not rule finally on that question without giving the State a chance to respond.

8

U.S. Bankruptcy Court - Hawaii  #11-02960  Dkt # 55  Filed 08/24/17  Page 8 of 10

resolve the dispute.

The next question is whether the penalties associated with the 2009 income tax are dischargeable. The Assessment[31] included a "Failure to Timely File Penalty" of $1,427.00. The penalty was 25% of the underlying tax debt ($5,708.00 x .25). The penalty amount remained the same in the State's followup collection notices.[32] The penalty is "to and for the benefit of a governmental unit," the State, and is "not compensation for actual pecuniary loss." The penalty is not compensatory because it bears no relationship to actual costs incurred by the State and there is no evidence that Dr. Evans' failure to file caused the State to suffer a pecuniary loss or that the penalty is being used to mitigate a particular damage caused by the violation. The fact that the penalty amount remains steady despite the passage of time or efforts made by the State to collect on the unpaid debt confirm that the penalty is not compensation for actual pecuniary loss. Therefore, the penalty assessed by the State is nondischargeable.[33]

The Assessment also imposed interest at the rate of 8% per annum on the underlying tax debt. The interest to March 20, 2015, was $2,787.41.[34] The interest

---

[31] Dkt. 51 at 20-22.

[32] *Id.* at 25, 29.

[33] At the hearing, I orally ruled that the prepetition penalties were dischargeable because they were not in compensation for actual pecuniary loss. My subsequent research has shown that my oral ruling was wrong; tax penalties are <u>not</u> dischargeable if they were not in compensation for actual pecuniary loss.

[34] *Id.* at 21.

continued to accrue as long as the assessment remained unpaid. As of July 20, 2017, Dr. Evans owed the State $4,119.27 in interest.[35] Based on case law, this accumulation of interest, prepetition and post petition, is nondischargeable.[36]

IV. <u>Conclusion</u>.

Dr. Evans' 2009 state income tax debt, any related noncompensatory penalty, and the pre and post petition interest until fully paid are nondischargeable. The court will hold a status conference on Friday, November 3, 2017, at 10:00 o'clock a.m., to discuss the resolution of the amount of those claims.

END OF MEMORANDUM DECISION

---

[35] *Id.* at 41.

[36] *Bruning v. United States*, 376 U.S. 358 (1964); *In re Artisan Woodworkers*, 225 B.R. 185 (B.A.P. 9th Cir. 1998); and *In re Gosney*, 205 B.R. 418 (B.A.P. 9th Cir. 1996).